CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
June 10, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **TROY X. MINTER,** | )
| Petitioner, | ) Case No. 7:23CV00647
| v. | ) **OPINION**
| **UNKNOWN,** | ) JUDGE JAMES P. JONES
| Respondent. | )

*Troy X. Minter, Pro Se Petitioner.*

The petitioner, proceeding pro se, has filed a pleading entitled as a "Petition for Writ of Coram Vobis." Pet. 1, ECF No. 1. Because it challenges the validity of Minter's confinement under the judgment of a state court, it was construed and docketed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The court further warned Minter that as a § 2254 petition, his claims appeared to be barred from federal court review on the merits, pursuant to 28 U.S.C. § 2244(b), because his petition was a second or successive § 2254 petition. The court directed Minter to submit any information he had to show that his claims were not barred as successive, and he has submitted a response. After review of Minter's submissions, I find that his petition must be summarily dismissed.

I.

Minter's state court criminal history is described in more detail in this court's opinion denying a previous post-conviction challenge to his state-issued convictions and sentences. *Minter v. Bennett*, No. 7:20CV00426, 2021 WL 5150660 (W.D. Va. Nov. 5, 2021). In brief, Minter was convicted of four robbery charges and a drug offense in January 1991 in the Circuit Court for Roanoke City and sentenced to ten years' imprisonment, with four years suspended on the robberies, and to eight years on the drug charge with seven years suspended.

In December 1996, Minter was approved for parole, but that approval was rescinded in May 1997, based on Virginia's "three-strikes" rule. *Id.* at *1. On January 16, 1998, the Parole Board affirmed the decision that Minter was ineligible for discretionary parole. Minter also filed a state habeas petition in the Circuit Court, challenging the ineligibility finding. The Circuit Court dismissed that petition on August 29, 2001, and the records of that case "have since been purged." *Id.* at *2. The Supreme Court of Virginia refused Minter's habeas appeal.

In June 2007, the Virginia Department of Corrections (VDOC) released Minter from custody on mandatory parole. Authorities arrested him on April 7, 2010, on new armed robbery charges on which he was convicted and sentenced on June 29, 2010, to twenty years of active prison time. The trial court also revoked

Minter's probation, revoked suspended time, and imposed prison time for good conduct time previously credited toward his early release on mandatory parole.

Minter received a letter from VDOC in early 2018 stating that he was ineligible for parole because of the "three strikes rule." *Id.* at *2. Minter requested review of this status. On September 13, 2018, the Parole Board notified him that his eligibility for parole was restored for his pre-1995 offenses but warned him that he would have to serve the sentences for his post-1995 offenses before becoming eligible for parole release on his pre-1995 sentences.

In September 2019, Minter filed a state habeas petition, raising various complaints about the parole eligibility issues. The Supreme Court of Virginia dismissed this petition on November 21, 2019, as untimely filed. Minter then filed a § 2254 petition raising similar issues. This court, in a lengthy discussion of the parole issues involved and various equitable tolling arguments, dismissed Minter's petition on November 5, 2021, as untimely filed under 28 U.S.C. § 2244(d). *Id.* at *6. His appeal was unsuccessful.

Minter's current petition alleges two claims: (1) the state habeas judgment rendered on August 29, 2001, was based on errors of fact, related to Minter's parole eligibility; and (2) errors of fact during that proceeding "infected [his] record with egregious information that has negatively impacted all decisions and proceedings premised on that original record." Pet. 6, ECF No. 1. He "respectfully move[s] this

court to amend the judgment at issue to reflect the accurate facts presented" in his petition "so that the record will speak the truth." *Id.* at 13.

## II.

The remedy known as coram nobis (or coram vobis)[1] is a rarely applicable, "extraordinary remedy that allows criminal defendants to attack their convictions after they are no longer in custody, and only the court that imposed the sentence has jurisdiction to grant a writ of coram nobis." *Nabaya v. Lauck*, No. 1:23-CV-2650 (ACR), 2024 WL 687967, at *3 n.5 (D.D.C. Feb. 16, 2024);[2] *United States v. Morgan*, 346 U.S. 502, 506 n.4 (1954) (noting that coram nobis is a motion "in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil Proceeding"). Minter is still in custody on the state sentences that were allegedly infected by the errors of which he complains. But more importantly, this federal court did not impose those sentences. Thus, I have no jurisdiction to amend any record related to those sentences.[3] I will

---

[1] "[T]here is no meaningful difference between a writ of *coram nobis* and a writ of *coram vobis*." *Duma v. Unum Provident*, 191 F. Supp. 3d 1, 2 n.3 (D.D.C. 2012).

[2] I have omitted internal quotation marks, alterations, and citations here and throughout this Opinion, unless otherwise noted.

[3] I note that Virginia law specifically provides: "For any clerical error or error in fact for which a judgment may be reversed or corrected on writ of error coram vobis, the same may be reversed or corrected on motion, after reasonable notice, by the court." Va. Code Ann. § 8.01-677. Minter is aware of this provision and claims to have attempted correction of his state criminal records through a motion under this section. He asserts that

summarily dismiss Minter's petition insofar as it seeks coram nobis (or vobis) relief from this court.

As stated, the court has also construed Minter's petition as arising under § 2254, because he challenged the validity of his confinement under state court judgments. Minter has already had habeas review under § 2254 from this court. Indeed, before dismissing Minter's prior petition, the court addressed many of the very issues that he raises here. *Minter*, 2021 WL 5150660.

This court may consider a second or successive § 2254 petition motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. 28 U.S.C.A. § 2244(b). Minter offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2254 petition. Therefore, I must dismiss his habeas action without prejudice.

A separate Final Order will be entered herewith.

DATED: June 10, 2024

/s/ JAMES P. JONES
Senior United States District Judge

---

the state court's refusal to act on such motions is now actionable in federal court in a separate coram vobis action. For the reasons stated herein, he is mistaken.